SUTER (PETER v.). See Case No. 11,021.

---

## Case No. 13,636.

### In re SUTHERLAND.

[2 Biss. 405;[1] 3 Chi. Leg. News. 73; 12 Int. Rev. Rec. 211.]

Circuit Court, D. Indiana. Nov., 1870.

BANKRUPTCY — REVISORY PETITION — UPON WHAT MATTERS HEARD.

1. A revisory petition to the circuit court, under the second section of the bankrupt act [of 1867 (14 Stat. 518)], must show wherein the error in the order or ruling of the district court complained of consists, and its nature must be distinctly set forth. The case will not be taken up de novo.

2. Proper practice stated.

[Cited in Re Beck, 31 Fed. 555.]

[In review of the action of the district court of the United States for the district of Indiana.]

In bankruptcy. This was a petition for review, filed by William Sutherland, September 9, 1870, under the second section of the bankrupt law of 1867, alleging that certain persons claiming to be his creditors had presented a petition to the district court of this district to have him declared a bankrupt, for acts therein stated; that on denial of bankruptcy by him the case was submitted to the court on the third day of June, 1870, and he was then adjudged a bankrupt. The petitioner alleged that he did not commit any of the acts of bankruptcy charged

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

against him, and that he did not at the time owe three hundred dollars, and denied that he was in any way indebted to the petitioning creditors. The petitioning creditors filed an answer to the petition, alleging that the petitioner took no exception or objection to the adjudication of bankruptcy, and did not cause the evidence to be made matter of record, nor did the petition to this court set forth the evidence given before the district court. To this answer Sutherland excepted.

McDonald & McDonald, for bankrupt.

Perkins & Perkins and Hendricks, Hord & Hendricks, for creditors.

DRUMMOND, Circuit Judge. The exception of Sutherland to this answer as insufficient must be carried back to the petition itself, and, that being done, I am of opinion that upon its face no case is made for the revisory power of this court under the second section of the bankrupt law. If it be conceded that the circuit court, under that section, may revise any order or ruling made in the progress or at the end of the proceedings in bankruptcy, not provided for by the 8th section, still the petition or bill must show wherein the error in the order or ruling consists. In re Alexander [Case No. 160]; Ruddick v. Billings [Id. 12,110]; Littlefield v. Delaware & H. Canal Co. [Id. 8,400].

The petition in this case appears to have been framed on the principle that if a party merely stated the particular order or ruling of which he complained, he could thus bring up the case to be tried de novo. That has not been the construction which has been given to this section. In this instance the petitioner alleges that he should not have been declared a bankrupt, because he did not owe three hundred dollars, nor did he owe the petitioning creditors, nor had he committed any act of bankruptcy. On all these points the district court found against him. The only special circumstances to which the petitioner refers, is to a promissory note of $1,900, held by the petitioning creditors, and which he declares he did not owe, in consequence of the acts of the payee, one Moses; but the court may have been satisfied upon competent evidence that the note was assigned and held for value and in good faith before maturity; and if so, what took place between Sutherland and Moses might be immaterial.

It is not enough that the petitioner state a grievance, or allege that an error has been committed; but the nature of the error or grievance should be distinctly set forth, so that the appellate court may be able to judge of the same.

Here the evidence on which the district court found against the petitioner is not spread out in the record so that this court can determine whether any error has in fact been committed.

It is to be regretted that the supreme court has not prescribed some rule under the second section, as the practice is by no means uniform in the different districts. It is desirable that the proceedings should be as simple as possible, and, therefore, in ordinary cases it may be sufficient if a statement is made by counsel, under the direction of the judge of the district court, setting forth the order or ruling complained of, and sufficient facts to enable the appellate court to form an opinion upon the point. This, verified by the judge or clerk, might form the basis of the petition or bill in the circuit court. Of course it is not intended to intimate that the whole case may not be brought up by bill of exceptions, or otherwise; but generally the error complained of consists of a few rulings, and these disposed of, the rights of the parties are settled.

As there seems to have been a misapprehension as to the practice under the second section, I will allow the petitioner to amend his petition, if he shall be so advised.

There ought to be some limit of time within which the application should be made to the circuit court, and it will be observed that the petitioner did not file his petition until more than three months after the decree, a circumstance which would seem to need explanation.

The petition for revision should state clearly and specifically the question decided in the district court. In re Reed [Case No. 11,638].